Dear Mr. Coenen:
This is in response to your letter of August 13, 2002 on behalf of the Richland Parish Detention Center, asking whether the Detention Center operates a master meter natural gas pipeline system as described in LSA-R.S. 30:503 (12).
For reasons following, it appears that the Louisiana Legislature decided in 1992 to exclude facilities such as the Detention Center, which does not resell natural gas, from the scope of Section 12, which, as amended, reads:
 "Master meter system' means a pipeline system for distributing gas within, but not limited to, a definable area such as a mobile home park, housing project or apartment complex, where the operator purchases metered gas from an outside source for resale through a gas pipeline system. The gas distribution pipeline system supplies the ultimate consumer who either purchases the gas directly through a meter or by other means, such as by rents."
(Underlining provided)
According to information provided by you, the Detention Center was constructed approximately seven years ago. Various individual meters were not installed because the incoming gas was and is not resold; instead, the gas is used for cooking, heating the facility, etc. Consequently, it does not appear that the Detention Center fits under Section 12.
In previous Opinions, 01-310 and 01-310A, this office pointed out that the Louisiana Legislature in 1992 used the term "for resale" in the amendment to Section 12 rather than "for redistribution" or some similar phase, indicating an intent to exclude from Section 12, facilities that do not resell natural gas.
Prior to 1992, the definition of a master meter system did not include the words "for resale." As was stated in the January 13, 1993 memorandum from Dennis Vidrine to the Conservation Commissioner's Director of Pipelines, Mariano Hinojosa, cited by you in your August 13, 2002 letter and also in Attorney General's Opinion 01-310, the legislature adopted Act 275 in 1992, which amended Section 12 by adding "for resale". This amendment, according to Mr. Vidrine, ". . . was sponsored by Senator Bankston for the purpose of serving his client, the Louisiana Nursing Home Association. The purpose of this legislation was to attempt to remove the nursing homes from the definition of master meter systems . . ."
Although Mr. Vidrine and the Conservation Commission question the wisdom and meaning of this 1992 amendment, the fact is that the amendment was a clear expression of legislative intent and is not restricted to nursing homes. The amendment became law when signed by the Governor. Facilities that do not resell natural gas do not operate a statutorly defined master meter system. of course, the legislature could easily amend Section 12 again by adding "or for redistribution" following "for resale".
In any event, we are not now saying that the Richland Parish Detention Center's gas pipeline or any other pipeline is immune from state concern and/or inspection. This Opinion has limited application, stating only that the provisions of R.S. 30:503 (12), as per legislative dictate, do not cover the Richland Parish Detention Center's gas pipeline because there is no resale of gas.
Finally, we note that the Office of Conservation's letter to Warden Linda Laing said that the Detention Center was in "probable violation" of conservation regulations authorized by various segments of Title 30, Chapter 7, specifically, R.S. 30:560 to 30:562. These sections (560 to 562) deal with the collection of inspection fees and do not attempt to define a master meter system.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ H. CHARLES GAUDIN Assistant Attorney General
HCG/bgc